IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON KITTLES, ) | 1:03-cv-06213-REC-LJO-P |
| )  Plaintiff,         ) | |
| )  v.                 ) | **FINDINGS AND RECOMMENDATION** |
| )                      | **RE DISMISSAL OF ACTION FOR** |
| PAUL SCHULTZ, et al., ) | **FAILURE TO PROSECUTE** |
| )                      | (Docs. 19 & 20) |
| )  Defendants.        ) | |

Plaintiff, Vernon Kittles ("plaintiff"), is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On October 13, 2005, the court issued an Order requiring plaintiff to show cause why this action should not be dismissed for failing to prosecute by keeping the Court apprised of his current address, within twenty (20) days from the date of service of that order.  On November 14, 2005, the order served on

plaintiff was returned by the U.S. Postal Service as undeliverable.  A notation on the envelopes indicated: Return to Sender - Not in Custody.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.  To date, plaintiff has not notified the court of his address change or otherwise been in contact with the court.  Absent such notice, service at a party's prior address is fully effective.  See Local Rule 83-182(f).

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order);

2

1  Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
2  1986)(dismissal for failure to lack of prosecution and failure to
3  comply with local rules).
4      In determining whether to dismiss an action for lack of
5  prosecution, the court must consider several factors: (1) the
6  public's interest in expeditious resolution of litigation; (2)
7  the court's need to manage its docket; (3) the risk of prejudice
8  to the defendants; (4) the public policy favoring disposition of
9  cases on their merits; and, (5) the availability of less drastic
10 sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
11 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The court
12 finds that the public's interest in expeditiously resolving this
13 litigation and the court's interest in managing the docket weigh
14 in favor of dismissal. The court cannot hold this case in
15 abeyance indefinitely based on plaintiff's failure to notify the
16 court of his address.  The third factor, risk of prejudice to
17 defendants, also weighs in favor of dismissal, since a
18 presumption of injury arises from the occurrence of unreasonable
19 delay in prosecuting an action.  Anderson v. Air West, 542 F.2d
20 522, 524 (9th Cir. 1976).  The fourth factor -- public policy
21 favoring disposition of cases on their merits -- is greatly
22 outweighed by the factors in favor of dismissal discussed herein.
23 Finally, given the court's inability to communicate with
24 plaintiff based on plaintiff's failure to keep the court apprised
25 of his current address, no lesser sanction is feasible.
26     Accordingly, the court HEREBY RECOMMENDS that this action be
27 DISMISSED for plaintiff's failure to prosecute.
28 //

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 29, 2005**                       **/s/ Lawrence J. O'Neill**
b9ed48                                                UNITED STATES MAGISTRATE JUDGE